American Biophysics Corporation

MOSQUITO MAGNET
Fatal Attraction for Mosquitoes™

**140 Frenchtown Road * North Kingstown, RI 02852 Phone: 401-884-3500 Fax 401-884-6688**

# INDIVIDUAL CREDIT GUARANTY

Guaranty, given by the undersigned (hereinafter occasionally referred to as the "Guarantor") to ABC, a Delaware Corporation, of North Kingstown, RI, in order to induce American Biophysics Corp. ("ABC") to extend credit to Midge Master Ltd of Charleston, SC, hereinafter called the "Customer".

Guarantor has an ownership interest in the Customer and thus has a substantial interest in the Customer. Guarantor hereby acknowledges that the credit extended to the Customer will result in substantial benefit to Guarantor and will further the legitimate business purpose of Guarantor. ABC is unwilling to extend credit to the Customer unless it receives the guaranty of Guarantor covering the Obligations, as hereinafter defined.

The undersigned hereby absolutely and unconditionally guarantees to ABC the prompt payment (and not merely the collectibility) when due, of any and all current or future obligations or indebtedness to ABC from the Customer (the "Obligations"), without deduction for any set-off or counterclaim of the Customer.

Guarantor hereby agrees and acknowledges that in one or more instances and from time to time before, during or after the occurrence of any event of default or any notice of termination hereof, with or without notice to or further assent from Guarantor: (i) any contract or agreement to which the Customer is a party, may be modified, supplemented, extended, amended or terminated in any manner; (ii) all or any part of the Obligations may be changed, altered, renewed, extended, continued, surrendered, compromised, waived, terminated or released in whole or in part, including changing the time for payment thereof, or any default with respect thereto waived; (iii) ABC may extend further credit in any manner whatsoever to the Customer, and generally deal with the Customer as ABC may, in its sole and absolute discretion, determine. Guarantor agrees that notwithstanding any of the foregoing actions, Guarantor shall remain bound under this Guaranty and Guarantor's obligations hereunder shall not be affected by the recovery of any judgment against the Customer or any action to enforce the same or any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor.

Guarantor agrees that this Guaranty shall remain in full force and effect and will not be discharged except by the complete performance of the Obligations in accordance with their respective terms and of the agreements and covenants of Guarantor contained herein. Guarantor further agrees that (i) the invalidity, irregularity or unenforceability of all or any part of the Obligations or any security therefore, or (ii) any defenses or counterclaims that the Customer may assert on the Obligations, including, without limitation, failure of consideration, breach of warranty, fraud, payment, statute of frauds, bankruptcy, infancy, statute of limitations, lender liability, accord and satisfaction and usury, shall not affect, impair or be a defense to this Guaranty or affect in any manner the liability of Guarantor hereunder.

This is a guaranty of payment and not of collection and Guarantor expressly waives any right to require that any action be brought against the Customer or to any other right or remedy which may be available to ABC. Guarantor hereby further expressly waives: (i) notice of the acceptance of this Guaranty and of extensions of credit or any other financial accommodation by ABC to the Customer; (ii) presentment and demand for payment of any of the Obligations; (iii) protest and notice of dishonor or default to Guarantor or to any other person with respect to any of the Obligations; (iv) any demand for payment under this Guaranty; (v) any defenses available to a guarantor under the laws of Rhode Island; (vi) any impairment of collateral including, but not limited to, failure to perfect a security interest in the collateral; (vii) all errors and omissions in connection with ABC's administration of the Obligations, except behavior which amounts to bad faith; and (viii) any other act or omission of ABC (except acts or omissions in bad faith) which changes the scope of Guarantor's risk hereunder. Guarantor acknowledges that ABC is relying on all of the waivers contained throughout this Guaranty in creating and continuing the Obligations, and that these waivers are a material part of the consideration to ABC for creating and continuing the Obligations. Notwithstanding anything to the contrary contained herein, Guarantor hereby irrevocably waives all rights Guarantor may have at law or in equity (including, without limitation, any law subrogating Guarantor to the rights of ABC) to seek contribution, indemnification or any other form of reimbursement from the Customer or any other person now or hereafter primarily or secondarily liable for any of the Obligations, for any disbursement made by Guarantor under or in connection with this Guaranty or otherwise.

Guarantor represents, warrants and covenants that: (i) there is attached hereto, and made part hereof, a statement of net worth (disclosing all assets and liabilities) of Guarantor and that said statement of net worth is true and accurate and fairly represents the net worth of the undersigned as of the date hereof; (ii) Guarantor has no guaranties outstanding as of this date other than those disclosed in the statement of net worth attached hereto as provided above; (iii) Guarantor shall not, during the life of this Guaranty, guarantee the obligations of others, including the Customer, without first notifying ABC and obtaining written approval thereof in advance; (iv) Guarantor shall pay on demand all expenses of ABC in connection with ABC's exercise, preservation or enforcement of any of its rights, remedies or options hereunder, including, without limitation, fees of legal counsel or accounting, consulting, or other similar professional fees or expenses; (v) Guarantor shall not to dispose of all or any substantial part of such Guarantor's assets nor cause nor suffer any substantial diminution of such Guarantor's net worth as the same exists on the date of such Guarantor's financial statements delivered to and relied upon by ABC. ABC shall be entitled, without limiting any other rights which ABC may have, to enjoin any breach or threatened breach of this paragraph

This Guaranty is and shall be deemed to be a contract entered into and made pursuant to the laws of the State of Rhode Island and shall in all respects be governed, construed, applied and enforced in accordance with the internal laws (and not the law of conflicts) of said state; IN THE EVENT THAT ABC BRINGS ANY ACTION HEREUNDER IN ANY COURT OF RECORD OF RHODE ISLAND OR THE FEDERAL GOVERNMENT, GUARANTOR CONSENTS TO AND CONFERS PERSONAL JURISDICTION OVER GUARANTOR BY SUCH COURT OR COURTS AND AGREES THAT SERVICE OF PROCESS MAY BE MADE UPON GUARANTOR BY MAILING A COPY OF THE SUMMONS IN THE FOLLOWING MANNER. Any notice given with respect to this Guaranty shall be deemed to be given if deposited in the United States mail, certified mail, return receipt requested, postage prepaid and (i) addressed to Guarantor at the address appearing on the books and records of ABC for Guarantor and (ii) addressed to ABC at ABC's Address. This Guaranty is intended by Guarantor as a final expression of this Guaranty and is also intended as a complete and exclusive statement of the terms hereof. No course of dealing, course of performance or trade usage, and no parole evidence of any nature shall be used to supplement or modify any terms hereof. There are no conditions to the full effectiveness of this Guaranty. This Guaranty shall inure to the benefit of ABC and its successors and assigns.

GUARANTOR AND ABC (BY ACCEPTANCE OF THIS GUARANTY) MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY CLAIM BASED HEREON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS GUARANTY

IN WITNESS WHEREOF, the undersigned Guarantor has executed this Guaranty on the___ day of ________, 20____.

[signature] ________________ Signature

________________ Spouse's Signature

Michael Quattlebaum ________ Print Name

________________ Print Name

---

State of:

County of:

Before me, a notary public, in and for said county, personally appeared the above named Michael Quattlebaum who acknowledged that he/she did sign the foregoing instrument and that same is his/her free act and deed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal at ________, this 4 day of May, 2004.

Karen Hart Smith
Notary Public

Expires 1/12/2006