**Amendment #1 to Exclusive Distributorship between American Biophysics Corp. and Midgemaster Ltd. LLC.**

WHEREAS, American Biophysics Corp., with its principal place of business located at 140 Frenchtown Road, North Kingstown, Rhode Island 02852 ("Manufacturer") and Midgemaster Ltd. LLC, with its principal place of business at 1028 LeGrand Blvd. Charleston, South Carolina 29492 ("Distributor"), entered into an Exclusive Distributorship Agreement effective October 1, 2003 ("Agreement"); and

WHEREAS, Manufacturer and Distributor mutually agree to amend the Agreement.

Now, therefore, in consideration of the foregoing and other mutual agreements and promises, the Agreement is hereby amended as follows effective as of the date set forth below:

1. Section Two (2) Item (b) is hereby amended to delete the words "and February" in the second sentence of 2(b) and replacing such words with "through March".

2. Section Three (3) Item (d) is hereby amended to delete the following "The first three months of each new rolling forecast will be firm and not subject to change. Forecasts will be updated each such three-month period, no later than the last day of the prior quarter."

   Section Three (3) Item (e) is hereby deleted.

3. Section Four (4) Item (b) is hereby amended to add the following phrase at the beginning of (4)(b): "Except as required by applicable law,"

   Section Five (5) Item (a) is hereby amended to add the following new sentence at the end of 5(a). "Manufacturer's limited warranty will in all cases by interpreted or deemed amended to conform with applicable law in the jurisdiction of distribution, including without limitation any applicable law extending the duration of such warranty."

   Section Five (5) Item (c) is hereby deleted and amended in its entirety to read as follows: "c) All purchase orders issued by the Distributor are non-cancelable, unless Manufacturer is unable to ship such order within 45 days of receipt thereof."

4. Section Ten (10) of the Agreement is hereby deleted and amended in its entirety to read as follows:

10) **Term and Termination.** The term of this Agreement shall commence on the "Effective Date" as set forth herein and shall continue for a period of seven (7) years from this date, and thereafter shall automatically renew from year to year, unless terminated in accordance with the terms of this Agreement.

a) Manufacturer may terminate this Agreement upon notice to the Distributor, upon any of the following events: (1) material failure of Distributor to fulfill or perform any one of the duties, obligations or responsibilities of Distributor in this Agreement, which failure is not cured within 30 days of notice from Manufacturer; (2) any failure to pay any amount due hereunder; (3) submission by Distributor to Manufacturer of false or fraudulent reports or statements, including, without limitation, false or fraudulent claims for any refund, credit, rebate, incentive, allowance, discount, reimbursement or other payment by Manufacturer; (4) failure of distributor to generate the following purchases during each contractual year: US $750,000 worth of purchases from Manufacturer during the first contract year (Oct 1, 2003-Sept 30, 2004), US $1,350,000 worth of purchases from Manufacturer during the second contract year (October 1, 2004-Septmeber 30, 2005), US $2,000,000 worth of purchases from Manufacturer during the third contract year (October 1, 2005-September 30, 2006) and an additional 10% each subsequent contract year thereafter.

b) On termination of this Agreement, Distributor shall cease to be an authorized distributor of Manufacturer and:

1. All amounts owing by Distributor to Manufacturer shall, notwithstanding prior terms of sale, become immediately due and payable;

2. All unshipped orders shall be canceled without liability of either party to the other;

3. Manufacturer on demand, free and clear of liens and encumbrances, shall repurchase such of Manufacturer's Products and materials bearing Manufacturer's name, at a mutually agreed price, but not in excess of Manufacturer's current price to distributors for such products and materials, provided that

Manufacturer shall not be obligated to pay Distributor for any item originally provided free of charge;

4. Manufacturer shall have all other remedies available to it at law and/or equity.

5. Section Eleven (11) item (e) is hereby deleted and amended to read as follows "e) Neither this Agreement nor any interest in this Agreement may be assigned by Distributor without the prior express written approval of Manufacturer, which may not be unreasonably withheld."

6. Exhibit A, Page 6 of the Agreement is hereby deleted and amended to read as follows:

Exhibit A

Exclusive Territory: Commercial accounts in the following countries:

**United Kingdom** (including but not limited to: England, Scotland, Wales, Northern Ireland)
**Republic of Ireland**
**Portugal**
**Sweden**
**Finland**
**Norway**
**Denmark**

Non Exclusive Territory
**Spain**
**Dubai**

Except as provided herein, all other terms and conditions of said Agreement shall remain and be the same.

IN WITNESS WHEREOF, the parties have executed this Amendment to the Agreement as of the 15th day of September, 2004.

Witness

American Biophysics Corporation

Midgemaster Ltd. LLC

**ACKNOWLEDGEMENT**

State of Rhode Island
County of Washington

In North Kingstown, Rhode Island in said County on the 17th day of September, 2004, before me personally appeared Jeffrey C. Adam, Chief Financial Officer of American Biophysics Corporation, to me known and known by me to be the party executing the foregoing instrument on behalf of said corporation, and he acknowledged said instrument, by him executed, to be his free act and deed and the free act and deed of said corporation.

Notary Public: Phyllis A. Bookataub
My Commission Expires 11/18/06