**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **AMERICAN BIOPHYSICS CORP., Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. NO. 06-142/T** |
| | : | |
| **MIDGEMASTER LTD., LLC. and MICHAEL QUATTLEBAUM Defendant** | : | |

**ANSWER OF MICHAEL QUATTLEBAUM**

Defendant Michael Quattlebaum ("Quattlebaum") states as his Answer to the Complaint of Plaintiff American Biophysics Corp. ("ABC") Complaint as follows:

1. Quattlebaum neither admits nor denies the allegations of Paragraph 1 of the Complaint because he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

2. Quattlebaum denies that Midgemaster is a South Carolina corporation, but admits that Midgemaster's principal place of business is in Charleston, South Carolina.

3. Quattlebaum admits the allegations of Paragraph 3 of the Complaint.

4. Quattlebaum admits the allegations of Paragraph 4 of the Complaint.

5. Quattlebaum admits the allegations of Paragraph 5 of the Complaint.

6. Quattlebaum admits the allegations of Paragraph 6 of the Complaint.

7. Quattlebaum admits the allegations of Paragraph 7 of the Complaint.

8. Quattlebaum admits the allegations of Paragraph 8 of the Complaint.

9. Quattlebaum admits the allegations of Paragraph 9 of the Complaint.

10. Quattlebaum admits the allegations of Paragraph 10 of the Complaint.

11. Quattlebaum admits that Midgemaster has not paid for some products ordered and received, but affirmatively states that Midgemaster's failure to pay for such goods was justified because they were defective. Quattlebaum denies the remaining allegations of Paragraph 11 of the Complaint.

12. Quattlebaum admits that Midgemaster did not purchase products with a value of at least $1,350,000 during the contract year October 1, 2004 through September 20, 2005, but affirmatively states that ABC waived the sales quota imposed by the Agreement and, further, that Midgemaster was excused from performing under the Agreement, as amended, because ABC failed to provide adequate assurance of due performance.

13. Quattlebaum neither admits nor denies the allegations of Paragraph 13 of the Complaint because he lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

14. Quattlebaum admits that ABC sent Midgemaster a written notice dated March 17, 2006 which purported to exercise ABC's right to terminate Midgemaster's distribution rights. Quattlebaum denies Midgemaster materially breached the Agreement.

## COUNT I

15. Quattlebaum repeats the responses of Paragraphs 1 through 14 as if set forth in full herein.

16. Quattlebaum asserts that the allegations of Paragraph 16 of the Complaint are not directed against Quattlebaum and that no answer is required. In the event an answer is required, Quattlebaum admits that ABC sold and delivered products to Midgemaster but denies that American Biophysics Corp. ("ABC") acted in compliance with the Agreement, as amended.

17. Quattlebaum asserts that the allegations of Paragraph 17 of the Complaint are not directed against Quattlebaum and that no answer is required. In the event an answer is required, Quattlebaum denies the allegations of Paragraph 17 of the Complaint.

18. Quattlebaum asserts that the allegations of Paragraph 18 of the Complaint are not directed against Quattlebaum and that no answer is required. In the event an answer is required, Quattlebaum denies the allegations of Paragraph 18 of the Complaint.

19. Quattlebaum asserts that the allegations of Paragraph 19 of the Complaint are not directed against Quattlebaum and that no answer is required. In the event an answer is required, Quattlebaum denies the allegations of Paragraph 19 of the Complaint.

WHEREFORE, Quattlebaum requests that the Court enter judgment in Midgemaster's favor, and award any and all further relief this Court deems just, including costs and attorney's fees.

**COUNT II**

20. Quattlebaum repeats the responses of Paragraphs 1 through 19 as if set forth in full herein.

21. Quattlebaum asserts that the allegations of Paragraph 21 of the Complaint are not directed against Quattlebaum and that no answer is required. In the event an answer is required, Quattlebaum denies the allegations of Paragraph 21 of the Complaint.

WHEREFORE, Quattlebaum requests that the Court enter judgment in Midgemaster's favor, and award any and all further relief this Court deems just, including costs and attorney's fees.

**COUNT III**

22. Quattlebaum repeats the responses of Paragraphs 1 through 21 as if set forth in full herein.

23. Quattlebaum asserts that the allegations of Paragraph 23 of the Complaint are not directed against Quattlebaum and that no answer is required. In the event an answer is required, Quattlebaum denies the allegations of Paragraph 23 of the Complaint.

24. Quattlebaum asserts that the allegations of Paragraph 24 of the Complaint are not directed against Quattlebaum and that no answer is required. In the event an answer is required, Quattlebaum denies the allegations of Paragraph 24 of the Complaint.

WHEREFORE, Quattlebaum requests that the Court enter judgment in Midgemaster's favor, and award any and all further relief this Court deems just, including costs and attorney's fees.

**COUNT IV**

25. Quattlebaum repeats the responses of Paragraphs 1 through 24 as if set forth in full herein.

26. Quattlebaum denies the allegations of Paragraph 26 of the Complaint.

27. Quattlebaum denies the allegations of Paragraph 27 of the Complaint.

WHEREFORE, Quattlebaum requests that the Court enter judgment in his favor, and award any and all further relief this

Court deems just, including costs and reasonable attorney's fees pursuant to R.I. Gen. Laws §9-1-45.

**FIRST AFFIRMATIVE DEFENSE**

ABC's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of set-off.

**SEVENTH AFFIRMATIVE DEFENSE**

ABC's claims are barred due to failure of consideration.

**EIGHTH AFFIRMATIVE DEFENSE**

ABC repudiated the Agreement by failing to provide within a reasonable time adequate assurance of its due performance under the Agreement.

**NINTH AFFIRMATIVE DEFENSE**

ABC's claims are barred due to ABC's breach of an express warranty.

**TENTH AFFIRMATIVE DEFENSE**

ABC's claims are barred due to ABC's breach of the implied warranty of merchantability.

**ELEVENTH AFFIRMATIVE DEFENSE**

ABC's claims are barred due to ABC's breach of the implied warranty of fitness for a particular purpose.

**TWELFTH AFFIRMATIVE DEFENSE**

Midgemaster was and is entitled to set-off its damages resulting from ABC's breach of express or implied warranties against any amounts allegedly owed to ABC.

WHEREFORE, Quattlebaum requests that this Court enter judgment in his favor on all counts of the Complaint, and award any and all further relief this Court deems just, including costs and attorneys' fees.

**MIDGEMASTER LTD., LLC. and**
**MICHAEL QUATTLEBAUM**

By their attorney,

Melissa Horne

Melissa M. Horne, Esq.
State Bar No. 5291
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: May 19, 2006

**CERTIFICATION**

I hereby certify that on the 22nd day of May, 2006, I forwarded a true copy of the within Answer to Jeffrey Brenner, Esq., Nixon Peabody, LLC, One Citizens Plaza, Providence, RI 02903 by regular mail, postage prepaid.

Lisa Lavasque