**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **AMERICAN BIOPHYSICS CORP., Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. NO. 06-142/T** |
| | : | |
| **MIDGEMASTER LTD., LLC. and MICHAEL QUATTLEBAUM Defendant** | : | |

**ANSWER AND COUNTERCLAIM OF MIDGEMASTER, LTD., LLC**

Defendant Midgemaster LTD., LLC ("Midgemaster") states as its Answer to the Complaint of Plaintiff American Biophysics Corp. ("ABC") as follows:

1. Midgemaster neither admits nor denies the allegations of Paragraph 1 of the Complaint because it lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

2. Midgemaster denies that it is a South Carolina corporation, but admits that its principal place of business is in Charleston, South Carolina.

3. Midgemaster admits the allegations of Paragraph 3 of the Complaint.

4. Midgemaster admits the allegations of Paragraph 4 of the Complaint.

5. Midgemaster admits the allegations of Paragraph 5 of the Complaint.

6. Midgemaster admits the allegations of Paragraph 6 of the Complaint.

7. Midgemaster admits the allegations of Paragraph 7 of the Complaint.

8. Midgemaster admits the allegations of Paragraph 8 of the Complaint.

9. Midgemaster admits the allegations of Paragraph 9 of the Complaint.

10. Midgemaster admits the allegations of Paragraph 10 of the Complaint.

11. Midgemaster admits that it has not paid for some products ordered and received, but affirmatively states that its failure to pay for such goods was justified because they were defective. Midgemaster denies the remaining allegations of Paragraph 11 of the Complaint.

12. Midgemaster admits that it did not purchase products with a value of at least $1,350,000 during the contract year October 1, 2004 through September 20, 2005, but affirmatively states that ABC waived the sales quota imposed by the Agreement and, further, that Midgemaster was excused from performing under the Agreement, as amended, because ABC failed to provide adequate assurance of due performance.

13. Midgemaster neither admits nor denies the allegations of Paragraph 13 of the Complaint because it lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

14. Midgemaster admits that ABC sent it a written notice dated March 17, 2006 which purported to exercise ABC's right to terminate Midgemaster's distribution rights. Midgemaster denies it materially breached the Agreement.

**COUNT I**

15. Midgemaster repeats the responses of Paragraphs 1 through 14 as if set forth in full herein.

16. Midgemaster admits that ABC sold and delivered products to Midgemaster. Midgemaster denies that ABC acted in compliance with the Agreement, as amended.

17. Midgemaster denies the allegations of Paragraph 17 of the Complaint.

18. Midgemaster denies the allegations of Paragraph 18 of the Complaint.

19. Midgemaster denies the allegations of Paragraph 19 of the Complaint.

WHEREFORE, Midgemaster requests that the Court enter judgment in its favor, and award any and all further relief this Court deems just, including costs and attorney's fees.

**COUNT II**

20. Midgemaster repeats the responses of Paragraphs 1 through 19 as if set forth in full herein.

21. Midgemaster denies the allegations of Paragraph 21 of the Complaint.

WHEREFORE, Midgemaster requests that the Court enter judgment in its favor, and award any and all further relief this Court deems just, including costs and attorney's fees.

**COUNT III**

22. Midgemaster repeats the responses of Paragraphs 1 through 21 as if set forth in full herein.

23. Midgemaster denies the allegations of Paragraph 23 of the Complaint.

24. Midgemaster denies the allegations of Paragraph 24 of the Complaint.

WHEREFORE, Midgemaster requests that the Court enter judgment in its favor, and award any and all further relief this Court deems just, including costs and attorney's fees.

**COUNT IV**

25. Midgemaster repeats the responses of Paragraphs 1 through 24 as if set forth in full herein.

26. Midgemaster asserts that the allegations of Paragraph 26 of the Complaint are not directed against Midgemaster and that no answer is required. In the event an answer is required, Midgemaster denies the allegations of Paragraph 26.

27. Midgemaster asserts that the allegations of Paragraph 27 of the Complaint are not directed against Midgemaster and that no answer is required. In the event an

answer is required, Midgemaster denies the allegations of Paragraph 27.

WHEREFORE, Midgemaster requests that the Court enter judgment in its favor, and award any and all further relief this Court deems just, including costs and attorney's fees.

**FIRST AFFIRMATIVE DEFENSE**

ABC's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

ABC's claims are barred by the doctrine of set-off.

**SEVENTH AFFIRMATIVE DEFENSE**

ABC's claims are barred due to failure of consideration.

**EIGHTH AFFIRMATIVE DEFENSE**

ABC repudiated the Agreement by failing to provide within a reasonable time adequate assurance of its due performance under the Agreement.

**NINTH AFFIRMATIVE DEFENSE**

ABC's claims are barred due to ABC's breach of an express warranty.

**TENTH AFFIRMATIVE DEFENSE**

ABC's claims are barred due to ABC's breach of the implied warranty of merchantability.

**ELEVENTH AFFIRMATIVE DEFENSE**

ABC's claims are barred due to ABC's breach of the implied warranty of fitness for a particular purpose.

**TWELFTH AFFIRMATIVE DEFENSE**

Midgemaster was and is entitled to set-off its damages resulting from ABC's breach of express or implied warranties against any amounts allegedly owed to ABC.

WHEREFORE, Midgemaster requests that this Court enter judgment in its favor on all counts of the Complaint, and award any and all further relief this Court deems just, including costs and attorneys' fees.

**COUNTERCLAIM OF MIDGEMASTER LTD., LLC**

Defendant/Counterclaim-Plaintiff Midgemaster Ltd., LLC ("Midgemaster") states as its Counterclaim against Plaintiff/Counterclaim-Defendant American Biophysics Corp. ("ABC") as follows:

1. Midgemaster is a distributor of equipment to mitigate insects (including midges and mosquitoes) in the United Kingdom

and Europe.

2. ABC is a manufacturer of insect mitigation systems.

3. On or about October 1, 2003, Midgemaster and ABC entered into an Exclusive Distributorship Agreement (the "Agreement") pursuant to which Midgemaster agreed to serve as the exclusive distributor of ABC's insect mitigation systems and related parts and accessories (the "Products") in the United Kingdom and the Republic of Ireland. (A copy of the Agreement is attached to the Complaint as Exhibit A.)

4. On or about September 15, 2004, Midgemaster and ABC agreed to amend the Agreement by executing Amendment #1. Among the terms of the Agreement amended by Amendment #1 was Section 5(a), which was amended to provide that ABC's limited warranty will be deemed to conform with the law applicable in the jurisdiction of distribution, including any law extending the duration of the warranty. (A copy of Amendment #1 is attached to the Complaint as Exhibit C.)

5. Between 2003 and 2005, Midgemaster purchased Products from ABC pursuant to the Agreement, as amended by Amendment #1, for distribution in the United Kingdom and Europe.

6. ABC was and is a merchant with respect to the Products Midgemaster purchased from ABC.

7. ABC expressly warranted the quality of the Products, including their suitability for use in the territories in which

Midgemaster was to distribute them and their suitability for use against midges.

8. There was implied in the Agreement a warranty that the Products would be merchantable.

9. At the time it entered into the Agreement and Amendment #1, ABC knew that Midgemaster would be purchasing the Products for distribution in the United Kingdom and Europe for use against midges and that Midgemaster was relying upon ABC to furnish goods suitable for that use.

10. Some of the Products Midgemaster purchased from ABC from 2003 through 2005 were and are defective.

11. On or about September 17, 2004, ABC agreed in writing to take certain actions to address ABC's breaches of express and implied warranties relative to the Products previously purchased by Midgemaster (the "September 17, 2004 Agreement"). ABC promised, *inter alia*, to reimburse Midgemaster for costs incurred in repairing defective machines, to repair or pay for the repair of any existing defective units, and to establish a warranty procedure for Midgemaster's territories. (A copy of the September 17, 2004 Agreement is attached hereto as ***Exhibit A***.)

12. ABC failed to fulfill the promises it made in the September 17, 2004 Agreement.

**<u>Count I - Breach of Contract</u>**
**(Exclusive Distributorship Agreement)**

13. Midgemaster repeats the allegations of Paragraphs 1

through 12 of the Counterclaim as if set forth in full herein.

14. ABC breached its obligations to Midgemaster under the Exclusive Distributorship Agreement by, inter alia, providing defective Products and failing to cooperate with Midgemaster in providing for advertising and promotion of the Products

15. Midgemaster has incurred substantial damages as a result of ABC's breach of its obligations to Midgemaster, including but not limited to costs incurred in repairing defective Products, the expense of warehousing defective Products, and lost profits.

WHEREFORE, Midgemaster requests that this Court grant judgment in its favor on Count I of its Counterclaim, award damages in an amount to be proven at trial, and award any and all further relief this Court deems just, plus interest, costs, and reasonable attorneys' fees pursuant to R.I. Gen. Laws §9-1-45.

**Count II - Breach of Contract**
**(September 17, 2004 Agreement)**

16. Midgemaster repeats the allegations of Paragraphs 1 through 15 of the Counterclaim as if set forth in full herein.

17. ABC breached its obligations to Midgemaster under the September 17, 2004 Agreement by, *inter alia*, failing to reimburse Midgemaster for costs incurred in repairing defective machines, to repair or pay for the repair of any existing defective units, and to establish a warranty procedure for Midgemaster's territories.

18. Midgemaster has incurred substantial damages as a result of ABC's breach of its obligations to Midgemaster, including, but not limited to, costs incurred in repairing defective Products, the expense of warehousing defective Products, and lost profits.

WHEREFORE, Midgemaster requests that this Court grant judgment in its favor on Count II of its Counterclaim, award damages in an amount to be proven at trial, and award any and all further relief this Court deems just, plus interest, costs, and reasonable attorneys' fees pursuant to R.I. Gen. Laws §9-1-45.

**Count III - Breach of Express Warranty**

19. Midgemaster repeats the allegations of Paragraphs 1 through 18 of the Counterclaim as if set forth in full herein.

20. ABC breached the express warranty regarding the quality of the Products, including their suitability for use in the territories in which Midgemaster was to distribute them and their effectiveness against midges.

21. Midgemaster has incurred substantial damages as a result of ABC's breach of its express warranty, including, but not limited to, costs incurred in repairing defective Products, the expense of warehousing defective Products, and lost profits.

22. Midgemaster was and is entitled to set-off its damages resulting from the breach of express warranty against any amounts allegedly owed to ABC.

WHEREFORE, Midgemaster requests that this Court grant judgment in its favor on Count III of its Counterclaim, award damages in an amount to be proven at trial, and award any and all further relief this Court deems just, plus interest, costs, and reasonable attorneys' fees pursuant to R.I. Gen. Laws §9-1-45.

**Count IV - Breach of Implied Warranty of Merchantability**

23. Midgemaster repeats the allegations of Paragraphs 1 through 22 of the Counterclaim as if set forth in full herein.

24. Some of the Products Midgemaster purchased from ABC were not and are not merchantable.

25. ABC breached the implied warranty of merchantability by selling Products to Midgemaster that were not merchantable.

26. Midgemaster has incurred substantial damages as a result of ABC's breach of its express warranty, including, but not limited to, costs incurred in repairing defective Products, the expense of warehousing defective Products, and lost profits.

27. Midgemaster was and is entitled to set-off its damages resulting from the breach of implied warranty of merchantability against any amounts allegedly owed to ABC.

WHEREFORE, Midgemaster requests that this Court grant judgment in its favor on Count IV of its Counterclaim, award damages in an amount to be proven at trial, and award any and all further relief this Court deems just, plus interest, costs, and reasonable attorneys' fees pursuant to R.I. Gen. Laws §9-1-45.

**Count V - Breach of Implied Warranty of Fitness for Particular Purpose**

28. Midgemaster repeats the allegations of Paragraphs 1 through 27 of the Counterclaim as if set forth in full herein.

29. Some of the Products Midgemaster purchased from ABC were not and are not fit for the particular purpose for which the goods were required.

30. ABC breached the implied warranty of fitness for a particular purpose by selling Products to Midgemaster that were not fit for the particular purpose for which the goods were required.

31. Midgemaster has incurred substantial damages as a result of ABC's breach of the implied warranty of fitness for a particular purpose, including, but not limited to, costs incurred in repairing defective Products, the expense of warehousing defective Products, and lost profits.

27. Midgemaster was and is entitled to set-off its damages resulting from the breach of implied warranty of fitness for a particular purpose against any amounts allegedly owed to ABC.

WHEREFORE, Midgemaster requests that this Court grant judgment in its favor on Count V of its Counterclaim, award damages in an amount to be proven at trial, and award any and all further relief this Court deems just, plus interest, costs, and reasonable attorneys' fees pursuant to R.I. Gen. Laws §9-1-45.

**MIDGEMASTER LTD., LLC. and**
**MICHAEL QUATTLEBAUM**

By their attorney,

Melissa Horne

Melissa M. Horne, Esq.
State Bar No. 5291
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: May 19, 2006

**CERTIFICATION**

I hereby certify that on the 22nd day of May, 2006, I forwarded a true copy of the within Answer and Counterclaim to Jeffrey Brenner, Esq., Nixon Peabody, LLC, One Citizens Plaza, Providence, RI 02903 by regular mail, postage prepaid.

Sara Lanzagne