UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN BIOPHYSICS CORP., Plaintiff, | : | |
| V. | : | C.A. No. 06-142/T |
| | : | |
| MIDGEMASTER LTD., LLC. and MICHAEL QUATTLEBAUM, Defendants. | : | |

**PLAINTIFF'S ANSWER TO DEFENDANT MIDGEMASTER, LTD., LLC'S COUNTERCLAIM**

Pursuant to Rule 8 of the Federal Court Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant American Biophysics Corp. ("ABC") hereby respond to Defendant and Counterclaim-Plaintiff Midgemaster Ltd., LLC's ("Midgemaster") Counterclaim as follows:

1. ABC neither admits nor denies the allegations set forth in this paragraph and leaves Midgemaster to its burden of proof.

2. Admitted.

3. ABC admits that on or about October 1, 2003, ABC and Midgemaster executed an Exclusive Distributorship Agreement ("Agreement") which prescribed the terms and conditions under which Midgemaster acted as a distributor of ABC's products. ABC admits that a copy of the Agreement is attached to the Complaint as Exhibit A. ABC neither admits nor denies the remaining allegations set forth in this paragraph because the terms of the Agreement speaks for itself.

4. ABC admits the allegations set forth in the first sentence of this paragraph. ABC admits that a copy of the Amendment No. 1 is attached to the Complaint as Exhibit C. ABC neither admits nor denies the remaining allegations set forth in this paragraph because the terms of the Amendment No. 1 speaks for itself.

5. ABC admits that between 2003 and 2005, ABC provided products to Midgemaster in accordance with the Agreement, as amended by Amendment No. 1 for distribution in the United Kingdom and Europe. ABC admits that Midgemaster was obligated to compensate ABC for the products pursuant to the Agreement as amended. ABC denies the remaining allegations set forth in this paragraph.

6. ABC neither admits nor denies the allegations set forth in this paragraph because they constitute a legal conclusion.

7. ABC neither admits nor denies the allegations set forth in this paragraph because they constitute a legal conclusion.

8. ABC neither admits nor denies the allegations set forth in this paragraph because they constitute a legal conclusion.

9. Denied.

10. ABC neither admits nor denies the allegations set forth in this paragraph and leaves Midgemaster to its burden of proof.

11. ABC admits that a copy of the September 17, 2004 Agreement is attached to the Counterclaim as Exhibit A. ABC neither admits nor denies the remaining allegations set forth in this paragraph because the terms of the September 17, 2004 Agreement speaks for itself.

12. Denied.

## COUNT I – BREACH OF CONTRACT (EXCLUSIVE DISTRIBUTORSHIP AGREEMENT)

13. ABC repeats the responses in paragraphs 1-12 above.

14. Denied.

15. ABC denies that it breached its contractual obligations to Midgemaster. ABC neither admits nor denies the remaining allegations set forth in the paragraph and leaves Midgemaster to its burden of proof.

**COUNT II – BREACH OF CONTRACT**
**(SEPTEMBER 17, 2004 AGREEMENT)**

16. ABC repeats the responses in paragraphs 1-15 above.

17. Denied.

18. ABC denies that it breached its obligations to Midgemaster. ABC neither admits nor denies the remaining allegations set forth in this paragraph and leaves Midgemaster to its burden of proof.

**COUNT III – BREACH OF EXPRESS WARRANTY**

19. ABC repeats the responses in paragraphs 1-18 above.

20. Denied.

21. ABC denies that it breached any express warranty. ABC neither admits nor denies the remaining allegations set forth in this paragraph and leaves Midgemaster to its burden of proof.

22. ABC neither admits nor denies the allegations set forth in this paragraph because they constitute a legal conclusion.

**COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

23. ABC repeats the responses in paragraphs 1-22 above.

24. Denied.

25. Denied.

26. ABC denies that it breached the implied warranty of merchantability. ABC neither admits nor denies the remaining allegations set forth in this paragraph and leaves Midgemaster to its burden of proof.

27. ABC neither admits nor denies the allegations set forth in this paragraph because they constitute a legal conclusion.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

28. ABC repeats the responses in paragraphs 1-27 above.

29. Denied.

30. Denied.

31. ABC denies that it breached the implied warranty of fitness for a particular purpose. ABC neither admits nor denies the remaining allegations set forth in this paragraph and leaves Midgemaster to its burden of proof.

32. ABC neither admits nor denies the allegations set forth in this paragraph because they constitute a legal conclusion.

## AFFIRMATIVE DEFENSES

1. Midgemaster's claims are barred because Midgemaster breached its contractual agreement with ABC.

2. Midgemaster's claims are barred because Midgemaster has failed to mitigate their damages.

3. Midgemaster's claims are barred by the doctrine of estoppel.

4. Midgemaster's claims are barred by the doctrine of accord and satisfaction.

5. Any damage suffered by Midgemaster was the result of acts and omissions of Midgemaster and not the result of acts or omissions of ABC.

6. Midgemaster has no statutory, contractual, or other right to recoup its costs and/or attorneys fees in bringing this action.

7. Midgemaster's claims are barred because Midgemaster conduct has been inequitable.

8. Midgemaster's claims against ABC are barred by the doctrine of unclean hands.

9. Midgemaster's claims are barred because Midgemaster has not acted in good faith.

10. Midgemaster's claims are barred by the doctrine of offset.

11. Midgemaster's claims are barred by the Statute of Frauds.

12. Midgemaster's claims are barred by the doctrine of laches.

13. Midgemaster's claims are barred by the doctrine of waiver.

14. Midgemaster's Counterclaim fails to state a claim for which relief may be granted.

WHEREFORE, ABC requests that Midgemaster's Counterclaim be dismissed, and that this Court award ABC its costs as well as attorneys fees in the defense of the Counterclaim.

Plaintiff and Counterclaim-Defendant,
AMERICAN BIOPHYSICS CORP.,
By its Attorney,

Jeffrey S. Brenner (#4369)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated: June 2, 2006

CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the within Plaintiff's Answer to Defendant's Counterclaim to Melissa M. Horne, Esq., Winograd, Shine & Zacks, 101 Dyer Street, Providence, RI 02903, on this 2nd day of June, 2006.