UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICAN BIOPHYSICS CORP., :
Plaintiff, :
V. : C.A. No. 06-142/T
:
MIDGEMASTER LTD., LLC. and :
MICHAEL QUATTLEBAUM, :
Defendants. :

**PLAINTIFF'S PRETRIAL CONFERENCE RULE 16 STATEMENT**

Pursuant to this Court's Amended Notice, Plaintiff American Biophysics Corporation ("ABC") submits this Pretrial Conference Statement.

ABC's Complaint contains three counts against Defendant Midgemaster Ltd., LLC ("Midgemaster"): breach of contract, book account, and quantum meruit and unjust enrichment. ABC's Complaint contains one count against Defendant Michael Quattlebaum: breach of contract.

In order to prevail on its breach of contract claim, ABC must demonstrate that an agreement existed between the parties, that ABC was ready, willing and able to perform its duties, that Midgemaster / Quattlebaum materially breached the terms of the agreement, and that ABC suffered damages as a result of the breach. Kottis v. Cerilli, 526 A.2d 506, 508 (R.I. 1987).

An action for book account arises when a detailed statement of credits and debits giving a history of an enterprise's business transactions shows that there is an amount remaining that is due and owing. In other words, if ABC establishes a certain amount due on an account, and Midgemaster acknowledges that the amount is due and owing, a book account is created. It imposes an obligation, separate and apart from the original contractual obligation, to pay the amount in question. Oaklawn Nurseries v. Ratush, 88 R.I. 325, 148 A.2d 128 (1959).

Quantum meruit is an equitable remedy to provide restitution for unjust enrichment. It allows for recovery of value given which was not subject to the express terms of an enforceable

contract. To recover in quantum meruit, ABC must demonstrate that Midgemaster received some benefits from ABC's products and would be unjustly enriched if it did not compensate ABC for those products. National Chain Co. v. Campbell, 487 A.2d 132 (R.I. 1985).

Unjust enrichment is an equitable claim which provides that a party should not be entitled to keep a benefit which it does not deserve as a result of its actions. To recover, ABC must prove the following: (1) a benefit must be conferred upon Midgemaster by ABC, (2) there must be appreciation by Midgemaster of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for Midgemaster to retain the benefit without paying the value thereof." Anthony Corrado, Inc. v. Menard & Co. Building Contractors, 589 A.2d 1201, 1202 (R.I. 1991).

Plaintiff and Counterclaim-Defendant,
AMERICAN BIOPHYSICS CORP.,
By its Attorney,

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner (#4369)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com

Dated: November 2, 2006

CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2006, a copy of foregoing Plaintiff's Pre-Trial Conference Rule 16 Statement was filed electronically and served electronically by operation of the Court's CM/ECF System upon Melissa M. Horne, Esq., Winograd, Shine & Zacks, 101 Dyer Street, Providence, RI 02903. A hard copy of the Statement will be made available upon request.

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner